UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   2:25-cv-10366-MRA-AJR | Date:  December 29, 2025 |
| | Page 1 of 3 |

Title:   Lang Yu v. U.S. Mint, et al.

---

**DOCKET ENTRY:**   **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO UPDATE ADDRESS OF RECORD**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

On June 27, 2025, *pro se* Plaintiff Lang Yu ("Plaintiff") filed a civil rights action pursuant to 42 U.S.C. § 1983 in Lang Yu v. U.S. Mint, et al., Case No. 2:25-cv-05956-MRA-AJR.  On July 22, 2025, the District Judge directed Plaintiff to pay the filing fee in full or file a request to proceed *in forma pauperis*.  When Plaintiff failed to comply, the District Judge dismissed the action without prejudice and administratively closed the case on October 1, 2025.

On October 24, 2025, Plaintiff filed the instant civil rights Complaint (the "Complaint") and a Motion to Reinstate Case (the "Motion").  (Dkts. 1, 3.)  In the Motion, Plaintiff explains that he has now paid the filing fee in full and requests that his prior action be reinstated.  (Dkt. 3 at 1.)  On November 7, 2025, the Court GRANTED Plaintiff's Motion in part, to the extent the Motion simply sought the ability to proceed with the Complaint.  (Dkt. 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.     2:25-cv-10366-MRA-AJR                     Date:  December 29, 2025
                                                                            Page 2 of 3

Title:          Lang Yu v. U.S. Mint, et al.

     On October 24, 2025, Plaintiff also filed an Application for Permission for Electronic Filing (the "Application").  (Dkt. 2.)  On November 3, 2025, the Court GRANTED Plaintiff's Application.  (Dkt. 9.)  Notice of the Court's Order granting Plaintiff's Application was sent to Plaintiff's address of record, 100 Carrer de Mallorca, Barcelona, 08029 Spain.  (See Dkts. 1, 3, 12.)  On December 12, 2025, the Court received returned mail from Plaintiff's address of record with the notation "Dirección Insuficiente Desconocido," which appears to translate to "insufficient address unknown."  (Id.)

     Plaintiff is advised that pursuant to the Central District's Local Rules, parties proceeding *pro se* must maintain a current address of record.  Local Rule 11-3.8 requires the first page of all documents filed with the Court to contain the address "of the attorney or a party appearing pro se presenting the document."  C.D. Cal. L.R. 11-3.8.  Local Rule 41-6 also requires a party proceeding *pro se* to keep the Court and all other parties informed of the party's current address:

> A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address.  If a Court order or other mail served on a *pro se* [plaintiff] at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address **within 14 days of the service date of the order or other Court document**, **the Court may dismiss the action with or without prejudice for failure to prosecute.**

Moreover, the Ninth Circuit has made clear that "[a] party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address," and that dismissal under Federal Rule of Civil Procedure 41(b) is proper when a *pro se* litigant fails to do so.  Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988).

     The Court must have an address of record for all parties for service and receipt of filings.  Plaintiff is therefore **ORDERED TO SHOW CAUSE** by **January 12, 2026** why the Court should not recommend that this action be dismissed either with or without prejudice pursuant to Local Rule 41-6 due to Plaintiff's failure to provide an updated mailing address.  Plaintiff may satisfy this Order by filing a response with a current

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-cv-10366-MRA-AJR | Date:  December 29, 2025 |
| | Page 3 of 3 |

Title:     Lang Yu v. U.S. Mint, et al.

mailing address.  **Plaintiff is warned that the failure to timely file a response to this Order will result in a recommendation that this action be dismissed either with or without prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**  The Clerk of Court is directed to provide a courtesy copy of this Order to Plaintiff at the current address of record.

   IT IS SO ORDERED.