**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LANG YU,<br><br>                    Plaintiff,<br><br>          v.<br><br>U.S. MINT, ET AL.,<br><br>                    Defendants. | No. 2:25-cv-10366-MRA-AJR<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On June 27, 2025, *pro se* Plaintiff Lang Yu ("Plaintiff") filed a civil rights action pursuant to 42 U.S.C. § 1983 in <u>Lang Yu v. U.S. Mint, et al.</u>, Case No. 2:25-cv-05956-MRA-AJR (the "First Action"). On July 22, 2025, the District Judge ordered Plaintiff to either pay the filing fee in full or submit a request to proceed *in forma pauperis*. (First Action, Dkt. 5.) When Plaintiff failed to comply, the District Judge dismissed the action without prejudice and administratively closed the case on October 1, 2025. (First Action, Dkt. 6.)

On October 24, 2025, Plaintiff refiled a Civil Rights Complaint (the

"Complaint") along with a Motion to Reinstate Case (the "Motion), that was docketed in Case No. 2:25-cv-10366-MRA-AJR.  (Dkts. 1, 3.)  In the Motion, Plaintiff explained that he had paid the filing fee in full and requested that the First Action be reinstated.  (Dkt. 3 at 1.)[1]  The Court granted the Motion in part and advised Plaintiff that the Clerk's Office processed his Complaint as a new action with a new case number.  (Dkt. 10.)

In the Complaint, Plaintiff asserted various claims against the following defendants:  (1) the U.S. Mint; (2) U.S. Customs and Border Protection ("CBP"); (3) Pete R. Flores, Acting Commissioner of CBP, sued in his individual and official capacities; and (4) coin appraiser Larry Goldberg, sued in his individual capacity. (Dkt. 1 at 2-3.)  Plaintiff asserted causes of action for:  (1) violation of "8 U.S.C. § 1346" and "Rule 14 (g) FRCP"; (2) constitutional violations under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) ("Bivens"); (3) negligence and conversion; (4) declaratory relief; and (5) misrepresentation and slander.  (Dkt. 1 at 10-13.)  On December 29, 2025, the Court dismissed the Complaint with leave to amend for various substantive deficiencies.  (Dkt. 14.)

On February 27, 2026, Plaintiff filed the operative "Amended Complaint," which the Court construes as a First Amended Complaint (the "FAC").  (Dkt. 24.)  In the FAC, Plaintiff names some of the same defendants as in the Complaint:  (1) the U.S. Mint; (2) U.S. Customs and Border Protection ("CBP"); and (3) Larry Goldberg (collectively, "Defendants.")  (Id. at ¶¶ 4-6.)  While not clearly stated in the FAC, Plaintiff appears to assert claims under Federal Rule of Criminal Procedure 41(g), Bivens, and various state-law tort theories, including negligence, conversion, misrepresentation, and slander.  (Id. at ¶¶ 7-8, 28-38.)

For the reasons set forth below, despite being afforded an opportunity to cure

---

[1]  For ease of reference and clarity, the Court cites to the CM/ECF pagination on the top of each page.

2

the substantive deficiencies identified in the Court's prior Order, the FAC largely repeats the same factual allegations and theories from the initial Complaint and fails to remedy the identified defects.  Accordingly, the Court dismisses the FAC with leave to amend.  However, Plaintiff is expressly warned that if he does not correct the deficiencies set forth below, the Court is likely to recommend that a future amended complaint be dismissed without leave to amend.

## II.

## PLAINTIFF'S ALLEGATIONS IN THE FAC

The allegations in the FAC are substantively similar to those alleged in the Complaint.  Plaintiff alleges that he and his now-deceased business partner, Billy Xu, operated a business importing U.S. coins recovered from recycling factories in China. (Dkt. 24 at ¶¶ 1-3.)  According to Plaintiff, the coins were retrieved from dumpsters and metal recycling facilities and imported to the U.S. for redemption at banks and coin-collecting machines.  (Id. at ¶¶ 1-2.)

Plaintiff alleges that on or about January 9, 2020, he and Mr. Xu arranged for a shipment of nine cases of U.S. coins, valued at approximately $132,000, from Hong Kong to Long Beach, California.  (Id. at ¶ 10.)  The shipment departed Hong Kong on January 21, 2020, with an estimated arrival date of February 3, 2020, and listed Mr. Xu as the intended recipient.  (Id.)  Plaintiff asserts that all Hong Kong export requirements and procedures were satisfied.  (Id. at ¶ 11.)

Plaintiff alleges that when the shipment arrived at the Port of Long Beach on or about February 3, 2020, CBP provided coin samples to Larry Goldberg for examination.  (Id. at ¶ 12.)  Based on Goldberg's belief that the coins were counterfeit, Plaintiff contends that CBP seized the nine cases of coins without probable cause.  (Id.)

Plaintiff further alleges that between 2020 and 2022, he made multiple phone calls attempting to identify who handled the shipment but was informed that, due to

3

the Coronavirus pandemic, no agents were assigned and the shipment could not be tracked.  (Id. at ¶ 13.)  On November 1, 2022, Plaintiff submitted a demand on CBP Form 4609, allegedly a Petition for Remission or Mitigation of Forfeitures, to the California office and received no response.  (Id.)

Plaintiff alleges that the U.S. Mint "enjoyed the benefits" of the seizure by melting the coins and using the recovered metal in the production of new coinage, thereby avoiding raw-material costs.  (Id. at ¶ 27.)  Plaintiff further alleges that the U.S. Mint and CBP engaged in racial profiling of Chinese importers and implemented a policy placing a blanket alert on all shipments from China based on Hong Kong currency declarations, maintaining what Plaintiff characterizes as a "blacklist."  (Id. at ¶¶ 23-25.)

Plaintiff asserts a claim under Federal Rule of Criminal Procedure 41(g), alleging that "the equities are in [his] favor" and that the U.S. government acted with malice and intent to deprive him of ownership, bypassed the requirements of the Civil Asset Forfeiture Reform Act of  2000 ("CAFRA"), failed to notify, failed to follow proper retention procedures, and committed acts constituting negligence and conversion in bad faith.  (Id. at ¶ 28.)

Plaintiff also alleges negligence by the "US Government or its agents."  (Id. at ¶ 30.)  Plaintiff contends that government officials falsely labeled him a suspect in a counterfeit-coin scheme; failed to inspect the factory of origin in China; improperly developed a relationship with his competitor, Larry Goldberg; failed to test prior shipments of other importers; orchestrated a dramatic and unnecessary raid; failed to have the coins tested promptly by a neutral laboratory; operated a lab that purportedly did not comply with Daubert standards; falsely notified banks that Plaintiff was involved in criminal activity; and relied on "dubious sources" in forming probable cause.  (Id. at ¶ 31.)

Plaintiff further alleges that Goldberg, retained by the U.S. government, is jointly liable under Bivens and that the U.S. government is liable for Goldberg's

4

"intentional interference with economic prospects, misrepresentation and slander under *respondeat superior*." (Id. at ¶ 33.) Plaintiff clarifies that Goldberg is not sued "personally" for his activities in his coin shop but rather for "whatever opinion he gave the government in return for salary, wages or cash, as it pertains to assisting the Government to seize the coins . . . ." (Id.) Plaintiff separately alleges misrepresentation and slander against Goldberg, asserting that Goldberg falsely claimed the coins were counterfeit and misrepresented his expertise as a coin appraiser. (Id. at ¶¶ 34-38.)

Plaintiff seeks the return of the nine seized cases of coins or payment of their alleged value of $132,000, plus interest, nominal damages, and attorney's fees in the aggregate amount of $314,000. (Id. at 9.) Plaintiff also seeks declaratory relief that the seized property was not counterfeit, that he did not engage in illegal conduct, and directing the U.S. Government to remove him from the alleged blacklist. (Id.)

### III.

### STANDARD OF DISMISSAL FOR *PRO SE* COMPLAINT

Under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a claim *sua sponte* "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (*per curiam*) (adopting the Ninth Circuit's position in Omar and noting that such a *sua sponte* dismissal "is practical and fully consistent with plaintiff's rights and the efficient use of judicial resources"). The Court's authority in this regard includes *sua sponte* dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared. See Abagnin v. AMVAC Chem. Corp., 545 F.3d 733, 742-43 (9th Cir. 2008); see also Reunion, Inc. v. F.A.A., 719 F. Supp. 2d 700, 701 n.1 (S.D. Miss. 2010) ("[T]he fact that [certain] defendants have not appeared and filed a motion to dismiss is no bar to the court's consideration of dismissal of the

5

claims against them for failure to state a claim upon which relief can be granted, given that a court may dismiss any complaint *sua sponte* for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6).").

Moreover, when a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, the court may not, however, supply essential elements of a claim that were not initially pled. See Pena v. Gardner, 976 F.2d 469, 471-72 (9th Cir. 1992). A court must give a *pro se* litigant leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Karim-Panahi, 839 F.2d at 623 (internal quotation marks omitted).

## IV.

## DISCUSSION

### A.    The FAC Violates Federal Rule Of Civil Procedure 8.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Smith v. City & Cnty. of Honolulu, 887 F.3d 944, 951 (9th Cir. 2018) (quoting Fed. R. Civ. P. 8(a)(2)). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint violates Rule 8 if a defendant would have difficulty responding to the complaint. Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011). Conclusory allegations are insufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 686 (2009).

Here, Plaintiff's allegations in the FAC fail to comply with Rule 8. The FAC does not clearly identify which specific causes of action are asserted against which

defendant, nor does it clearly delineate the legal basis for each claim.  Plaintiff references Rule 41(g), Bivens, negligence, conversion, misrepresentation, slander, racial profiling, and "blacklisting," but does not organize these allegations into cognizable, separately pled claims tied to specific defendants and specific legal theories.  Instead, the FAC blends factual assertions, legal conclusions, and rhetorical characterizations without delineating the elements of any specific cause of action. The Court is not required to sift through scattered allegations to construct claims on Plaintiff's behalf.  See Cafasso, 637 F.3d at 1058 (district courts are not required to "sort through a lengthy complaint to determine what causes of action are alleged"); McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (holding that a complaint is subject to dismissal for failure to state a claim if "one cannot determine from the complaint who is being sued, for what relief, and on what theory"); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) (approving dismissal under Rule 8(a) of a complaint that was excessively verbose and confusing, placing an unfair burden on the court and defendants).

Accordingly, the FAC fails to provide a short, plain, and coherent statement of cognizable claims and therefore violates Federal Rule of Civil Procedure 8.  In addition to violating Rule 8's pleading requirements, the FAC also fails to state a claim for relief against any defendant, as explained further below.

**B.** **Plaintiff's *Bivens* Claims Against The U.S. Mint, CBP, And Larry Goldberg Are Barred As A Matter Of Law.**

**1.** **Claims Against The U.S. Mint And CBP Are Barred By Sovereign Immunity.**

Under limited circumstances, Bivens permits damages claims against federal officials in their individual capacities for constitutional violations committed under color of federal law.  See Bivens, 403 U.S. at 397.  However, Bivens does not authorize suits against the United States or its federal agencies.  See Corr. Services Corp. v. Malesko, 534 U.S. 61, 72 (2001); id. at 70-71 (explaining that because the

"purpose of <u>Bivens</u> is to deter individual federal officers from committing constitutional violations," the "deterrent effects of the <u>Bivens</u> remedy would be lost" if the Court "were to imply a damages action directly against federal agencies"). Consistent with this principle, "no <u>Bivens</u>-like cause of action is available against federal agencies or federal agents sued in their official capacities." <u>Ibrahim v. Dept. of Homeland Sec.</u>, 538 F.3d 1250, 1257 (9th Cir. 2008).

Here, Plaintiff names the U.S. Mint and CBP as defendants. (Dkt. 24 at ¶¶ 4-5.) Because these entities are federal agencies, sovereign immunity bars constitutional damages claims against them absent a waiver. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 475 (1993) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Neither the U.S. Mint nor CBP has waived sovereign immunity for constitutional tort claims. <u>See</u> <u>Rivera v. United States</u>, 924 F.2d 948, 951 (9th Cir. 1991); <u>Thomas-Lazear v. Fed. Bureau of Investigation</u>, 851 F.2d 1202, 1207 (9th Cir. 1988). The doctrine of sovereign immunity therefore bars Plaintiff's constitutional claims for damages against these federal agencies. Accordingly, Plaintiff's <u>Bivens</u> claims against the U.S. Mint and CBP are barred as a matter of law and should be dismissed.

> **2.      Plaintiff's <u>Bivens</u> Claim Against Larry Goldberg Fails As A Matter Of Law.**

Plaintiff alleges that Larry Goldberg, a private coin appraiser, is jointly liable under <u>Bivens</u> because he examined coin samples for CBP and purportedly opined that the coins were counterfeit. (Dkt. 24 at ¶¶ 12, 19, 33-38.) Plaintiff contends that Goldberg's cooperation with the government renders him liable for constitutional violations arising from the seizure. (<u>Id.</u>) However, a private party does not become a federal officer, or otherwise subject to <u>Bivens</u> liability merely by providing information, assistance, or services to the government. <u>See</u> <u>Malesko</u>, 534 U.S. at 71-72 (declining to extend <u>Bivens</u> beyond its core purpose of deterring unconstitutional conduct by individual federal officers and rejecting extension to private correctional

entity operating under federal contract); see also Minneci v. Pollard, 565 U.S. 118, 120, 131-32 (2012) (declining to recognize a Bivens remedy against employees of a privately operated federal prison).

Courts therefore consistently decline to recognize Bivens liability against private individuals who merely assist federal agencies in carrying out governmental functions. Accordingly, because Goldberg is not alleged to be a federal officer, Plaintiff fails to state a viable Bivens claim against Goldberg.[2]

## C.    **Plaintiff's Negligence And Conversion Claims Are Barred Under The FTCA.**

Plaintiff alleges negligence and conversion by "the United States or its agents," asserting that government officials misidentified him as a suspect in a counterfeit-coin scheme, failed to inspect the originating factory in China, relied improperly on coin appraiser Larry Goldberg, failed to test the coins promptly or through a neutral laboratory, conducted an unnecessary raid, and relied on "dubious sources" in forming probable cause. (Dkt. 24 at ¶ 31.) Liberally construed, Plaintiff's *pro se* FAC appears to seek relief under the Federal Tort Claims Act ("FTCA").

As a threshold matter, the FTCA authorizes suits only against the United States itself, not against federal agencies or individual federal employees. See 28 U.S.C. §§ 1346(b)(1), 2679(a); Meyer, 510 U.S. at 476. Even liberally construed, however, Plaintiff's tort claims fail for several independent reasons, including Plaintiff's failure to satisfy the FTCA's administrative exhaustion requirement and the FTCA's statutory exceptions that preserve sovereign immunity for certain categories of tort claims.

---

[2] Because Goldberg is not alleged to be a federal officer, the Court need not proceed to the full Bivens analysis addressing whether the claim arises in a new context or whether special factors or alternative remedial schemes counsel hesitation. See Egbert v. Boule, 596 U.S. 482, 492 (2022); Ziglar v. Abbasi, 582 U.S. 120, 139-40 (2017).

## 1.     The Detention-of-Goods Exception Independently Bars Plaintiff's Claims.

Although the FTCA waives sovereign immunity for certain tort claims against the United States, the statute expressly preserves immunity for specified categories of claims.  See 28 U.S.C. § 2680.  One such exception bars:

> Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer.

28 U.S.C. § 2680(c).  The Supreme Court has interpreted this provision broadly to apply to property detained by federal law enforcement officers generally.  See Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 218-28 (2008).  The Ninth Circuit likewise recognizes that the exception bars FTCA claims arising from the seizure or detention of property by law enforcement officers.  See DaVinci Aircraft, Inc. v. United States, 926 F.3d 1117, 1124-26 (9th Cir. 2019); Bramwell v. U.S. Bureau of Prisons, 348 F.3d 804, 806-07 (9th Cir. 2003).  The exception applies to both intentional and negligent deprivations of property.  See Foster v. United States, 522 F.3d 1071, 1074 (9th Cir. 2008).

Here, Plaintiff's allegations arise directly from the seizure and investigation of coins suspected of being counterfeit, including claims that officials improperly relied on appraisers, failed to test the coins adequately, and wrongfully conducted a raid. (Dkt. 24 at ¶ 31.)  These allegations challenge the government's handling and detention of property during a law-enforcement investigation and therefore fall squarely within Section 2680(c)'s detention-of-goods exception.  Accordingly, because the FTCA does not waive sovereign immunity for such claims, Plaintiff's negligence and conversion claims are barred as a matter of law.

## 2.     Plaintiff Fails To Allege Administrative Exhaustion.

Even if Plaintiff's claims were not barred by Section 2680(c), they would still

10

fail because Plaintiff does not allege compliance with the FTCA's administrative exhaustion requirement. "The FTCA authorizes private tort actions against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" Jachetta v. United States, 653 F.3d 898, 904 (9th Cir. 2011) (quoting 28 U.S.C. § 1346(b)(1)); see also Chang v. United States, 139 F.4th 1087, 1090-91 (9th Cir. 2025). Before filing suit, however, the FTCA requires the plaintiff to first present the claim to the appropriate federal agency and either receive a final denial or allow six months to pass without a final resolution. See 28 U.S.C. § 2675(a); Tritz v. U.S. Postal Serv., 721 F.3d 1133, 1140 (9th Cir. 2013) ("[F]ederal district courts have jurisdiction to hear a plaintiff's tort claim under the FTCA only after the plaintiff has exhausted the claim by submitting it to the appropriate federal agency first."). This administrative presentment requirement is jurisdictional and must be strictly adhered to. See D.L. by & through Junio v. Vassilev, 858 F.3d 1242, 1244 (9th Cir. 2017); Valadez-Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011). Accordingly, a plaintiff must affirmatively allege compliance with Section 2675(a) in the complaint.

Here, Plaintiff does not allege that he filed an administrative tort claim with CBP, the U.S. Mint, the Department of Homeland Security, or any federal agency. Plaintiff's submission of a CBP Form 4609 Petition for Remission or Mitigation of Forfeiture is not an FTCA administrative tort claim and therefore does not satisfy Section 2675(a). Accordingly, even if Plaintiff's claims were not barred by Section 2680(c), the Court would lack subject-matter jurisdiction due to Plaintiff's failure to exhaust administrative remedies.

**3.      Certain Alleged Torts Are Independently Barred**.

To the extent Plaintiff alleges that government officials "falsely labeled" him a criminal, notified banks of alleged misconduct, or relied on inaccurate statements about him, such allegations sound in defamation or misrepresentation. (Dkt. 24 at ¶

31.)  The FTCA explicitly excludes claims arising from "libel, slander, misrepresentation, [or] deceit."  28 U.S.C. § 2680(h).  Claims premised on allegedly defamatory or misleading statements therefore fall outside the FTCA's waiver of sovereign immunity.  Accordingly, any tort claim based on allegedly defamatory or misleading statements is barred as a matter of law.

**D.**      **Plaintiff's Claims For Declaratory Relief Fail As A Matter Of Law.**

"In <u>Bivens</u>, the Supreme Court provided a judicially-created cause of action for damages arising out of constitutional violations by federal officers."  <u>Solida v. McKelvey</u>, 820 F.3d 1090, 1094 (9th Cir. 2016).  Accordingly, the remedy available under <u>Bivens</u> is money damages against individual federal officers.  <u>See id.</u>  <u>Bivens</u> does not authorize claims for declaratory or injunctive relief against the United States or its agencies.  Similarly, the FTCA waives sovereign immunity only for certain tort claims seeking money damages against the United States.  <u>See</u> 28 U.S.C. § 1346(b)(1); <u>Westbay Steel, Inc. v. United States</u>, 970 F.2d 648, 651 (9th Cir. 1992) ("The only relief provided by the FTCA is money damages.").  The statute does not authorize declaratory or injunctive relief.

Here, Plaintiff seeks declaratory relief against the United States and its federal agencies, including declarations that the seized coins were not counterfeit and that he engaged in no criminal conduct, as well as an order requiring Defendants to remove his name from the alleged "blacklist."  (Dkt. 24 at 9.)  These forms of relief would require the Court to compel affirmative governmental action and are not available under <u>Bivens</u> or the FTCA.

Moreover, Plaintiff identifies no waiver of sovereign immunity that would permit declaratory relief against the United States, the U.S. Mint, or CBP.  Absent an express waiver, sovereign immunity bars such claims.  <u>Meyer</u>, 510 U.S. at 475.  To the extent Plaintiff relies on the Declaratory Judgment Act under 28 U.S.C. § 2201(a), that statute merely provides a procedural mechanism by which federal courts may declare the rights and legal relations of parties in cases otherwise within

their jurisdiction. See 28 U.S.C. § 2201(a). The Declaratory Judgment Act does not create an independent cause of action, confer subject-matter jurisdiction, or waive the United States' sovereign immunity. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950) (holding that "[t]he operation of the Declaratory Judgment Act is procedural only" and does not create an independent basis for federal jurisdiction (internal quotation marks omitted)); Aetna Life Ins. Co. of Hartford, Conn. V. Haworth, 300 U.S 227, 240 (1937) (same). Accordingly, because Plaintiff seeks declaratory relief against the United States and its agencies without identifying any applicable waiver of sovereign immunity, the FAC fails to state a viable claim for such relief.

E.    **Plaintiff Fails To State A Claim For Return Of Property Under Federal Rule Of Criminal Procedure 41(g).**

Plaintiff appears to seek the return of seized property pursuant to Federal Rule of Criminal Procedure 41(g). (Dkt. 24 at ¶¶ 1, 7-8.) Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). However, Rule 41(g) requests are generally appropriate where property has been seized by the Government in connection with a criminal investigation or pursuant to a search warrant and the movant seeks return of specific property unlawfully retained by the Government. See United States v. Ibrahim, 522 F.3d 1003, 1007-08 (9th Cir. 2008); United States v. Kama, 394 F.3d 1236, 1238 (9th Cir. 2005) ("Rule 41(g) is ordinarily used to seek return of property after an indictment is issued . . . .").

Here, Plaintiff fails to plausibly allege entitlement to relief under Rule 41(g). Plaintiff does not allege facts showing that the challenged property was seized pursuant to a federal search warrant or in connection with a federal criminal proceeding to which Rule 41(g) ordinarily applies. Rather, Plaintiff alleges that federal officials seized Plaintiff's imported coins and related property during an administrative investigation into suspected counterfeit coinage. (Dkt. 24 at ¶¶ 1, 7-8,

12.)  Accordingly, Plaintiff fails to plausibly allege entitlement to relief under Rule 41(g) as presently pleaded.

To the extent Plaintiff seeks return of property under Rule 41(g), Plaintiff must file a proper motion identifying the specific property sought, the basis for Plaintiff's possessory interest, the circumstances of the Government's seizure and continued retention, and facts demonstrating why Plaintiff is entitled to the return of the property notwithstanding any criminal, forfeiture, or administrative proceedings.  See Fed. R. Crim. P. 41(g); Ibrahim, 522 F.3d at 1008.

**F.  Although Plaintiff Appears To Adequately Allege Diversity Jurisdiction, Plaintiff Fails To State Viable State-Law Misrepresentation And Defamation  Claims Against Larry Goldberg.**

**1.  Diversity Jurisdiction.**

Federal jurisdiction may be alleged either pursuant to 28 U.S.C. § 1331 for actions "arising under the Constitution, laws, or treaties of the United States," otherwise known as "federal question" jurisdiction, or 28 U.S.C. § 1332 as an action "between citizens of different States," otherwise known as "diversity" jurisdiction. Generally, a court has diversity jurisdiction only when there is complete diversity of citizenship among adverse parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a).  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

Here, Plaintiff asserts state-law misrepresentation and slander claims against private actor Larry Goldberg.  (Dkt. 24 at 37-38.)  Because these are state-law claims against a private party, they do not independently arise under federal law and therefore do not support federal-question jurisdiction under 28 U.S.C. § 1331.

However, Plaintiff appears to sufficiently allege diversity jurisdiction as to these state-law claims.  Federal courts possess diversity jurisdiction where the amount in controversy exceeds $75,000 and the action is between "citizens of a State

14

and citizens or subjects of a foreign state." See 28 U.S.C. § 1332(a)(2). Plaintiff alleges that he is a citizen of China domiciled in Spain and that Goldberg resides in California. (Dkt. 24 at ¶¶ 2, 6.) Liberally construed, these allegations are sufficient at this stage to plausibly invoke alienage jurisdiction under Section 1332(a)(2). See Newman-Green, Inc. v. Alfonzo-Lorrain, 490 U.S. 826, 828-29 (1989). Nevertheless, as discussed below, Plaintiff fails to plausibly allege viable state-law claims for misrepresentation or slander against Goldberg and dismissal is warranted on the merits notwithstanding the apparent existence of diversity jurisdiction.

## 2.    Intentional Misrepresentation.

Plaintiff first fails to allege a viable claim for false or intentional misrepresentation. Under California law, the elements of fraud, which gives rise to the tort action for deceit, are: (1) "a misrepresentation (false representation, concealment, or nondisclosure)"; (2) "knowledge of falsity (or 'scienter')"; (3) "intent to defraud, i.e., to induce reliance"; (4) "justifiable reliance"; and (5) "resulting damage." Small v. Fritz Cos., Inc., 30 Cal. 4th 167, 173 (2003). Because Plaintiff's claims sound in fraud, they also must satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. See Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1106 (9th Cir. 2003). Rule 9(b) requires that the "circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Id. (internal quotation marks omitted). Averments of fraud must include the "who, what, when, where, and how" of the misconduct charged. Id.; see also Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997). In addition, a plaintiff must do more than identify neutral facts surrounding a transaction; the pleading must explain what statement was false or misleading and why it was false. Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir. 1994).

Here, Plaintiff alleges that Goldberg falsely represented to federal authorities

that Plaintiff's imported coins were counterfeit or forged despite allegedly lacking sufficient expertise or testing capabilities to make such a determination. (Dkt. 24 at ¶¶ 33-38.) Plaintiff further alleges that Goldberg made these representations while assisting federal authorities investigating suspected counterfeit coinage. (Id. at ¶ 33.) However, even accepting these allegations as true, Plaintiff fails to plausibly allege the essential element of justifiable reliance. Plaintiff does not allege that Plaintiff himself relied upon any purported misrepresentation by Goldberg or took any action in reliance on Goldberg's alleged statements. Rather, Plaintiff alleges that *government officials* relied on Goldberg's purported representations in investigating or seizing Plaintiff's property. (Id. at ¶¶ 34-38.) Plaintiff likewise fails to plausibly allege facts showing Goldberg knowingly made false statements with the intent to induce Plaintiff's reliance, as opposed to communicating opinions or assessments to law-enforcement authorities concerning suspected counterfeit coinage. Accordingly, Plaintiff fails to state a viable claim for false or intentional misrepresentation. See Small, 30 Cal. 4th at 173.

### 3. Defamation.

Plaintiff likewise fails to plausibly allege a viable defamation claim against Goldberg. Plaintiff characterizes the claim as one for slander. (Dkt. 24 at ¶ 38.) Under California law, however, slander concerns false and unprivileged oral statements, whereas libel concerns defamatory statements made in writing or other fixed forms of communication. See Cal. Civ. Code §§ 45-46. Here, the FAC is ambiguous as to whether the allegedly defamatory statements were oral or written. Plaintiff generally alleges that Goldberg "'certified' based on visual inspection," to federal authorities that Plaintiff's imported coins were counterfeit or forged and provided written notes concerning Plaintiff's alleged involvement in counterfeit coinage. (Dkt. 24 at ¶¶ 6, 33-38.) As alleged, the claim appears to arise primarily from written or otherwise memorialized communications and therefore sounds more in libel than slander. However, regardless of how the claim is characterized, Plaintiff

16

fails to plausibly allege a viable defamation claim.

To state a claim for defamation under California law, a plaintiff generally must allege the substance of the allegedly defamatory statement, to whom it was published, when the publication occurred, and facts plausibly demonstrating falsity and resulting reputational harm.  See Gilbert v. Sykes, 147 Cal. App. 4th 13, 31 (2007).  A defamatory statement must also be one that is capable of being proven false rather than a nonactionable opinion or evaluative judgment.  See Wong v. Jing, 189 Cal. App. 4th 1354, 1369-71 (2010).

Here, Plaintiff fails to plausibly allege the specific allegedly defamatory statements Goldberg made, when such statements were made, or the factual circumstances surrounding their publication to federal authorities.  Plaintiff alleges only in conclusory fashion that Goldberg falsely "certified" Plaintiff's coins as counterfeit or forged and that Goldberg's conclusions constituted "quack opinions." (Dkt. 24 at ¶¶ 3, 33-38.)  Such allegations are insufficient to plausibly establish falsity.  Plaintiff does not allege facts showing why Goldberg's assessment was objectively false, despite alleging that Goldberg relied only on visual inspection of the coins as his methodology, or facts plausibly suggesting that Goldberg knowingly made false statements rather than professional assessments or opinions regarding suspected counterfeit coinage.

Moreover, to the extent Goldberg rendered an expert or professional opinion concerning the authenticity of the coins, Plaintiff does not plausibly allege facts showing that such opinions implied provably false factual assertions sufficient to support a defamation claim.  Nor does Plaintiff plausibly allege resulting reputational harm independent of the alleged governmental actions taken against him.  Plaintiff's generalized disagreement with Goldberg's conclusions is insufficient to state a plausible defamation claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and allegations that are "no more than

conclusions" are not entitled to the assumption of truth.).  Accordingly, whether construed as slander or libel, Plaintiff fails to plausibly allege a viable defamation claim against Goldberg.  This claim therefore is subject to dismissal with leave to amend.

## V.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the FAC is dismissed with leave to amend.  On or before **July 22, 2026**, Plaintiff shall file a Second Amended Complaint ("SAC") that attempts to remedy the defects identified above.  If Plaintiff chooses to file a SAC, it should bear the docket number assigned to this case (2:25-cv-10366-MRA-AJR), be labeled "Second Amended Complaint," and be complete in and of itself without reference in any manner to the original Complaint, the FAC, or any other document (except any document that Plaintiff chooses to attach to the SAC as an exhibit).  **Plaintiff is encouraged to state his claims in simple language and provide only a brief statement of supporting facts, omitting facts that are not relevant.  <u>Should Plaintiff decide to file an SAC, he is encouraged to utilize the form complaint attached to this Order</u>.**

**Plaintiff is explicitly cautioned that failure to timely file an SAC, or failure to correct the deficiencies described above, may result in a recommendation that this action be dismissed with or without prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**  Plaintiff is further advised that if Plaintiff no longer wishes to pursue this action, Plaintiff may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  <u>A form Notice of Dismissal is attached for Plaintiff's convenience</u>.

\\

\\

IT IS SO ORDERED.


DATED:  June 22, 2026

HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE



Attachments:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).
Pro Se 15, Complaint for Violation of Civil Rights (Non-Prisoner).